### ROBERT MITCHELL *vs.* THOMAS SHANLEY.

The affidavit of a party to an action is admissible to prove the loss of a written instrument in order to introduce secondary evidence thereof, although the party is a competent witness.

An entry on land, without taking actual possession, for the purpose of foreclosing a mortgage, does not interrupt the possession of one claiming to hold by an independent title so as to allow the mortgagee, within three years, to bring an action on the Rev. Sts. *c.* 104 to recover possession.

In an action on the Rev. Sts. *c.* 104, the defendant, under an answer denying that he holds the premises unlawfully or against the right of the plaintiff, may introduce evidence that he has been in adverse possession for three years.

ACTION on the Rev. Sts. *c.* 104, brought before a justice of the peace on the 13th of June 1856, in the form prescribed by § 4. The answer admitted possession, but denied that the defendant held the premises unlawfully or against the right of the plaintiff.

At the trial in the superior court of Suffolk at June term 1857, before *Nelson,* C. J., the plaintiff's own affidavit was offered by his counsel to prove the loss of a written instrument, for the purpose of introducing evidence of its contents. The defendant objected, because the plaintiff was a competent witness, and if a witness could be cross-examined; but the judge overruled the objection, and admitted the affidavit, and oral evidence of the contents of the instrument.

The plaintiff gave in evidence a mortgage of the premises, a certificate of an entry for breach of condition by the owner of the mortgage on the 7th of January 1853, and a subsequent assignment thereof to the plaintiff, all duly recorded. There was no further evidence of possession by the plaintiff or those under whom he claimed.

The defendant offered evidence that Edward Kehoe was in actual possession at the time of the entry under the plaintiff's mortgage, and continued to be so until 1855, when he conveyed the premises to the defendant by warranty deed ; but did not propose to show that Kehoe's claim was known to the plaintiff or his grantors ; and the judge excluded the evidence.

The defendant contended that the plaintiff had not been in quiet possession three years before the commencement of thi

action; but the judge ruled that this defence was not open under his answer.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*N. St. J. Green*, for the defendant.

No appearance for the plaintiff.

SHAW, C. J. 1. The plaintiff's affidavit was rightfully admitted to prove the loss of a document, notwithstanding the change of the law, by which the party is admitted as a witness.

2. The defendant offered to show that he and those under whom he claimed had been in possession more than three years, by a title or claim of title adverse to that of the plaintiff. This, by force of the statute, is a bar to this summary process. Rev. Sts. *c.* 104, § 3. The plaintiff must bring his suit to try his title in another tribunal.

The possession was uninterrupted, unless the entering by the mortgagee, under whom the plaintiff claims, to foreclose his mortgage, was an interruption. The mortgagee did not take actual possession, or actually exclude the tenant, or continue to hold or claim the actual possession.

Whatever may be the precise nature of such statute entry to foreclose, as against the mortgagee and those claiming under him, and the mortgagor and those in privity with him, it can have no efficiency in ousting or changing the possession of one in actual possession, claiming under a distinct and adverse title, whose possession is not actually interrupted.

3. These proceedings do not come under the practice act, which relates to actions; for this is not one of the personal actions mentioned in the statute, to which the sections regulating answers are confined. *St.* 1852, *c.* 312, §§ 12–18. The answer is a substantial denial of the plaintiff's right to the possession under this process, and a denial that the defendant holds the same unlawfully. Such a defence is good under such general issue, unless a more specific bill of particulars is called for. The court are of opinion that the evidence should have been admitted, and the jury should have been instructed that the fact, if proved, would be a good bar to this process. *Exceptions sustained.*